UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ACUITY, A MUTUAL INSURANCE
COMPANY,

        Plaintiff,

                              No. 15-CV-10751
vs.                         Hon. Gerald E. Rosen
                  Magistrate Judge R. Steven Whalen

RELIABLE INVESTMENT, LLC,

        Defendant.

_____/

**OPINION AND ORDER DECLINING TO EXERCISE JURISDICTION UNDER THE DECLARATORY JUDGMENT ACT AND DISMISSING THE ACTION WITHOUT PREJUDICE**

On March 3, 2015, Plaintiff Acuity, A Mutual Insurance Company ("Acuity") filed this action against Defendant Reliable Investment, LLC ("Reliable"), a company to which Acuity provides a general insurance policy. The case arises out of a separate state court action filed by Harjit Singh, an individual who was employed by Reliable and was allegedly shot and injured during the course of his employment. Pl.'s Compl., Dkt. # 1, ¶ 15. Singh filed a complaint against Reliable (and two other defendants) in Genesee County Circuit Court, Case No. 14-103271-CK, which remains pending. Acuity now seeks a declaratory

1

judgment from this Court declaring that the insurance policy that Reliable purchased from Acuity does not cover injuries arising out of that incident, and accordingly that Acuity cannot be held liable to Reliable for any damages Reliable might incur as a result of the state lawsuit. *Id.* ¶¶ 27-29. Specifically, Acuity asserts that the policy held by Reliable "excludes from coverage liability for employee claims," and because liability as an employee is the basis for the state suit, Acuity asserts that it has no role in that suit. Pl.'s Mot. for Summ. J., Dkt. # 14, at 8.

On April 14, 2015, the parties appeared before the Court for a Rule 26(f) scheduling conference. At that conference, the Court advised the parties that it may issue an order to show cause as to why the Court should not decline to exercise its discretionary jurisdiction under the Declaratory Judgment Act, given the Sixth Circuit's extensive caselaw regarding declaratory judgment jurisdiction in insurance liability disputes. The parties advised the Court that they considered it likely that the underlying state case would settle, and requested that the Court await a further update regarding that possible settlement before requiring the parties to brief the discretionary jurisdiction issue.

The underlying state suit did not settle, however, and Plaintiff has now filed a Motion for Judgment on the Pleadings or, in the Alternative, for Summary Judgment (Dkt. # 14), asserting that the language of the agreement between

Plaintiff and Defendant excludes coverage for liability claims of the type in the underlying state action.  Dkt. # 14.[1]  Defendant responds by arguing, *inter alia*, that the Court should decline to assert jurisdiction under the Declaratory Judgment Act.  Dkt. # 17.  The Court agrees with Defendant.

The standard for assessing whether the discretionary assertion of jurisdiction is appropriate under the Declaratory Judgment Act is well-defined in this Circuit. Courts apply a five-factor test, examining

> (1) whether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata;" (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective.

*Grand Trunk W. R. Co. v. Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984). Applicable to this case, the Sixth Circuit has made clear that while "there is no per se rule against a district court's entertaining a declaratory judgment action to determine an insurer's liability when a tort action is pending against its insured in a state court," *Allstate Ins. Co. v. Mercier*, 913 F.2d 273, 277 (6th Cir. 1990), it is the rare insurance liability action that warrants the exercise of jurisdiction under the Declaratory Judgment Act.  "[D]eclaratory judgment actions seeking an advance

---

[1] Defendant terms the motion a "motion to dismiss," though it states that the motion is made pursuant to Fed. R. Civ. P. 12(c).

opinion on indemnity issues are seldom helpful in resolving an ongoing action in another court. Such actions for an advance determination in the nature of an advisory opinion should normally be filed, if at all, in the court that has jurisdiction over the litigation which gives rise to the indemnity problem. Otherwise confusing problems of scheduling, orderly presentation of fact issues and *res judicata* are created." *Manley, Bennett, McDonald & Co. v. St. Paul Fire & Marine Ins. Co.*, 791 F.2d 460, 463 (6th Cir. 1986); *see also Nautilus Ins. Co. v. Grayco Rentals, Inc.*, No. CIV.A.10-133-ART, 2011 WL 839549, at *1 (E.D. Ky. Mar. 7, 2011) ("[I]t is a rare case in which federal district courts should assert jurisdiction over an insurance company's declaratory judgment action to resolve indemnity issues ancillary to an ongoing state-court case.").

Assessing this case under the *Grand Trunk* factors and Sixth Circuit precedent, the Court finds that assertion of jurisdiction under the Declaratory Judgment Act is not appropriate. This case is nearly identical to *Allstate Ins. Co. v. Mercier*, a Sixth Circuit case in which Allstate -- an insurance company -- brought a declaratory judgment action in federal district court "seeking a declaration that it owed neither indemnification nor a defense to parties insured under Allstate homeowners policies who had been sued for tort damages in a Michigan state court." 913 F.2d at 275. Much like this case, Allstate was not a party to the underlying state action, which involved a wrongful death claim filed against an

intoxicated driver whose vehicle was insured by Allstate. *Id.* In its declaratory judgment action, Allstate contended that an exclusion in the insurance contract indicated that Allstate was not obligated to cover claims arising from intentional criminal acts, such as driving while intoxicated. *Id.* at 275-76.

The analysis of the *Grand Truck* factors in that case mirrors the appropriate analysis here. Regarding the first *Grand Trunk* factor, as in *Allstate*, "[t]he collateral liability aspect of the proceedings would continue in state court regardless of the federal court's ruling." *Id.* at 279. The question of whether the plaintiff in the underlying state suit was in fact an employee acting in the scope of his employment is entirely unresolved by the record here, and resolution of the contract issue here would do nothing to "settle the controversy" of the underlying dispute. *Grand Trunk*, 746 F.2d at 326. While Acuity argues that a finding that the plaintiff in the state suit was *not* an employee would eviscerate that plaintiff's theory of liability against Reliable (potentially leading to dismissal of the state suit), that does not resolve the issue of Acuity's potential obligation to defend Reliable in the state suit, or other theories of tort liability against Reliable that might arise. *See Allstate*, 913 F.3d at 278 ("Courts should not be required to decide rights and other legal relations in a vacuum." (internal quotation marks omitted)); *Nautilus*, 2011 WL 839549, at *2 ("Resolving this declaratory judgment action will not settle the controversy. Far from it. While it would obviously settle

the controversy regarding the scope of insurance coverage under Nautilus's plan, it would hardly settle the controversy in the underlying state court litigation. Indeed, the complaint does not even join all of the parties from the state court case.").[2]

The other *Grand Truck* factors as applied to this case also align with the *Allstate* analysis. As in that case, "[w]hile a declaratory judgment might 'serve a useful purpose in clarifying the legal relations in issue,' this clarification would come at the cost of 'increas[ing] friction between our federal and state courts and improperly encroach[ing] upon state jurisdiction.'" *Id.* at 279 (alterations in original). This interplay between the second and fourth *Grand Truck* factors has often been noted by courts in this Circuit. *E.g., Scottsdale Ins. Co. v. Roumph*, 18 F. Supp. 2d 730, 737 (E.D. Mich. 1998) ("[T]aking in tandem the second factor and the fourth factor (whether a federal decision would increase the friction between federal and state courts and encroach on state jurisdiction), the Court finds the scales tip in favor of declining jurisdiction."). There is no question that asserting jurisdiction here could provide some legal clarification as to the proper interpretation of the insurance contract, but "[t]he states regulate insurance companies for the protection of their residents, and state courts are best situated to

---

[2] Further, the Court notes that there is no evidence in the record that Reliable has asked Acuity to defend it in the underlying state suit, nor has there been any insurance claim made. Thus, there remains the possibility that dismissal of the underlying state suit could entirely moot this action before Acuity is even asked to take any action at all.

identify and enforce the public policies that form the foundation of such regulation." *Id.* Though Acuity is not a party to the underlying state tort action, it could seek a declaratory judgment in state court much like the one sought here, obviating the need for a federal court to decide a routine state contract interpretation issue. *See Allstate*, 913 F.3d at 278 (describing the Michigan state court declaratory judgment procedure and noting that "Allstate could have presented the issues that it brought to federal court in a separate action to the same court that will decide the underlying tort action. We believe that the Michigan court would be in a superior position to address the legal issues on which Allstate seeks a declaration of rights.").

Finally, while there is no reason to believe that the declaratory action has been brought merely for the purpose of procedural fencing (the third *Grand Trunk* factor) as noted above, there is "an alternative remedy" in that "Michigan provides a mechanism for bringing declaratory judgment actions in state court." *Scottsdale*, 18 F. Supp. 2d at 737. As the Sixth Circuit has repeatedly noted, there is good reason to "question the need for such declaratory judgments in federal courts when the only question is one of state law and when there is no suggestion that the state court is not in a position to define its own law in a fair and impartial manner." *Am. Home Assur. Co. v. Evans*, 791 F.2d 61, 63 (6th Cir. 1986); *see also Nautilus*, 2011 WL 839549, at *2 ("[The] preference for respecting state courts' capacity to

7

resolve these ancillary matters . . . reflects the reality that federal district courts are seldom in a better position to resolve state-insurance-law issues wound up with state-public-policy questions.").

For all of these reasons, the Court finds that the Michigan court would be in a superior position to address the issues pertaining to Acuity's request for a declaration of rights.

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion for Judgment on the Pleadings or, in the Alternative, for Summary Judgment (Dkt. # 14) is **DENIED**.

IT IS FURTHER ORDERED that this case be, and hereby is, **DISMISSED WITHOUT PREJUDICE** to the parties' rights to proceed with a declaratory judgment action in the state court.

**IT IS SO ORDERED.**

Dated: October 16, 2015       s/Gerald E. Rosen
                              Chief Judge, United States District Court


I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 16, 2015, by electronic and/or ordinary mail.

                              s/Julie Owens
                              Case Manager, (313) 234-5135